Case number 24-1348, Ryan J. Paul v. Federal Audition and Administration. Ms. Spagna for the deterrence, Ms. Lilly for the response. May it please the court. I'm Stephanie Spagna and I'm here on behalf of the petitioner, Ryan Paul. The FAA has disclaimed any authority to review Emera Jett's determination that First Officer Paul had supposedly refused a random DOT-FAA drug test. The FAA's position is insupportable as a matter of regulatory interpretation. It is in direct conflict with the FAA's own orders directing it to investigate whether a refusal actually took place. And it also violates Mr. Paul's due process rights. Even if the FAA were somehow correct that DOT regulations actually prohibited from reviewing an employer's refusal report, this arrangement clearly violates the — If you can send something to a third party for conducting of the drug test, let them make a determination. Your dispute is about whether the FAA stays in control of that decision. That's essentially it, yes, Your Honor. Yes. And so our position also is that this arrangement clearly violates the private non-delegation doctrine because a private entity and not the FAA is exercising the final decision-making authority as to whether an employee committed a regulatory violation by refusing to submit to a random drug test. In response to a point that the respondent raised in their supplemental brief, the employer's task here is not simply ministerial. It's not a matter of adding numbers and stamping paper. It's not a matter of making recommendations that the government can accept or reject at will. It is actually exercising a decision. It is determining that the pilot has refused the drug test. And from that decision, very severe and permanent consequences flow. That pilot is immediately barred from holding a first-class airman medical certificate for two years. And then even beyond that, that pilot will be marked as a rule violator and a substance abuser in the pilot records database. And if the pilot wants — Can I ask you to clarify something you just said? Certainly. I think you just said this finding revokes the airman certificate. That's not true, right? No, no, I didn't. It's disqualifying for future applications, which is slightly different. Pardon me if I misspoke, Your Honor. I meant to say that he is barred from holding an airman medical certificate, which is different from just an airman certificate per se. So he cannot hold a medical for two years, which means that he cannot fly. And then in addition to that, he will also be marked permanently in the database as a substance abuser and a rule violator. And that's an extremely severe stigma and scarlet letter on his record for the remainder of his aviation career. And because the FAA has given the final authority to the employer, the private entity in this case, Mr. Paul has no recourse. There is simply no means for him to get — to have the employer reverse their decision or modify this. He's stuck with it forever. What do you take to mean on the August 27, 2024 letter about FAA saying not taking any legal enforcement? Like what weight or what suggestion does that do to make it beneficial to Mr. Paul as the FAA claims? Well, I mean, the FAA declined to take enforcement action against Mr. Paul's airman certificate, which is a very serious action, which would have been — had they done that, would have been appealable to the National Transportation Safety Board. They elected not to do that. And I think we've made clear in our filings that we are not challenging that portion of their rule violation finding. We are challenging that finding to the extent that it adopts and incorporates and accepts as given the employer's report that he refused a drug test. And from — If it had gone to the National Transportation Safety Board, I've sat on cases dealing with that. They have — they hold evidentiary hearings, don't they? Yeah. That's — yeah. Essentially, Your Honor, the absolute worst thing would have had to have happened to Mr. Paul for him to have had a chance at having the underlying refusal report reviewed. But since the — Before the board, would it have been de novo? I — On the question, did he refuse? On the question of — to be honest with you, Your Honor, I don't have an answer to that question, but I would be happy to supply a letter to that effect. But they do conduct evidentiary hearings. Yes, yes. The board does. Yes, yes.  So conceivably, they could have, at that juncture, have reviewed the merits, or lack thereof, of the refusal report. So the thing that makes this unreviewable is the fact that the FAA took, quote, no action. They took no action with respect to his airman certificate.  That is correct. But they left — they accepted without question the employer's report that he had allegedly refused to test. And from that, the legal consequences flow that — One more question. Yes. It's one thing to say that you have the responsibility, Mr. Employer, to make the judgment about whether there's been a refusal or not. It's another thing to say whether that judgment is reviewable. Could he have sued his employer on the grounds of — whatever grounds that the — the consequence is harm to him? And so he brings an action against the employer to get that refusal finally revoked? Well, Your Honor, the regulations preclude him from being able to get relief from those consequences against the employer in an arbitration or in any other forum. He simply has no means whatsoever. Are they cited in the regulations cited in your brief? Yes. Regulation 49 CFR 40.191C. The regulatory consequences can't be overturned in an arbitration, grievance, state court, or other non-federal forum. And so the — unless the — he was able to persuade somehow the employer to change its mind, he's stuck with this. I looked at that regulation and I was a little confused because the one thing it doesn't say — as you just said, it says non-federal forum. It doesn't say you can't sue in federal court. Has anyone ever tried that? I'm unaware of that, to be honest with you, Your Honor. So, yeah. My sense is that this is a fairly unique case on its facts. I had one clarifying question also. One of the immediate consequences of this determination is you're prohibited from flying until you complete the return to duty process, correct? That's correct, yes. What is your understanding of how long that process usually takes? And I'm sure it varies case to case. I think it varies significantly. It can be a few months to longer. I don't think that there's a hard and fast rule. I do want to clarify, Your Honor — thank you for that question. We are not challenging the fact that if there is a legitimate report of a refusal, then a return to duty test ensues. We're not challenging that fact. What we are challenging here is the fact that the FAA has essentially rubber-stamped the employer's determination. And as a result, Mr. Paul has a scarlet letter and currently is unable to earn a livelihood in his chosen profession. If the regulations preclude the relief that you're seeking and the statute does not grant that relief, what is the basis for our court saying that he's entitled? Is it due process or is it a violation of the statute or what? Yes, Your Honor. Thank you for the question, Your Honor. We've argued this on several grounds. First, that this was arbitrary and capricious on the government's behalf, and in part because it has sought cover for essentially washing its hands by pointing to an inapposite regulation. 40.355i speaks only to the respective responsibilities of an employer vis-a-vis a service agent and does not speak at all to the authority of a removing agency. But that leaves the question, what regulation does speak to that? To the FAA's ability to review? Right. Our position is that that is inherent in the FAA's role as the agency to which this employer is subordinate. But there's no regulation that gives explicit authority to review a refusal, right? In terms of review, I am not able to recall one in particular at this moment, Your Honor. I will say that what the FAA did not do here was to comply with its own order, a calling for it to conduct an investigation as to whether he actually had refused a test. And so, you know, if this court were to rule in Mr. Paul's favor, then, you know, the appropriate remedy in our view and which we have requested would be that for the court to vacate that portion of its rule violation finding that Mr. Paul had refused the test and then go forward and conduct the investigation that its own order said that it should have conducted in the first place. With respect to you making a suggestion that the FAA just rubber-stamped the investigation, the information about Mr. Paul with respect to his vacation leave, his illness, was available before the August 27, 2024 letter by the FAA? Yes, that is correct. So then it's obviously available at the point of reconsideration as well. Yes, that information would be available then. Yes, Your Honor. When I look at the report of the FAA, it doesn't look like that information is all included in this timeline that they provided about the investigation. I'm not sure that I understand your question, Your Honor. Well, their investigative report doesn't look like all of the information that Mr. Paul was presenting is included. It suggests that it was all considered. Yes, that's correct, yeah.  All right, thank you. Thank you, Your Honor. I can save some time for rebuttal. Yes, thank you. Good morning, Your Honors. Jamie Lilly for the FAA. I'd like to start by focusing this court on the action that is under review. Here, Mr. Paul has petitioned for review of the agency's decision not to take enforcement action against his airman certificate. That enforcement action was fully within the FAA's control and was fully favorable to Mr. Paul. You say favorable, but if you look at the wording of, and you're referring to the August 27, 2024 letter? Yes, Your Honor. It says, we have concluded our investigation into your refusal. Yes. And it goes on, we are not taking any legal enforcement action against you in connection with your refusal. So while you say there's no enforcement action, to me this reads as if you're agreeing that there was a refusal to submit. So then there's a negative implication on his record regarding that. If I may address both of those separately. So the enforcement action that is reviewable in this court and that FAA may take is a decision to suspend, revoke, place additional conditions on his airman certificate, basically his license to fly a plane. When you say no enforcement action, it makes it sound like he's clear, like you're agreeing that there's nothing that he needed to have done. Yes, Your Honor. But he does have some duties that he needs to complete on a refusal to take test action that gives him, I guess, up to two years to get that done. Thank you, Your Honor. So that is a separate requirement that is imposed by DOT regulations. And if I can talk about exactly what's required there. When an airman has been deemed or reported to refuse to not complete random drug testing, that information gets sent to FAA. And by operation of DOT's regulations, the airman must do something to demonstrate that he is safe to fly. That's what the return to duty regular process is. He meets with a qualified substance abuse professional who then requires additional testing. So that is all that is required by the return. I'm just confused about no enforcement action to me conflicts with he refused duty. Your Honor. How are you helping him out? How do you deem you saying that is being beneficial when you're now telling me all these things he needs to do? The FAA has said he may use his airman certificate. He can. He can use it now. He can use his airman certificate. Separately, in order to use it, there are lots of conditions on using your airman certificate. You've got to submit to random drug testing. You've got to maintain all sorts of certain standards. Here, the random drug testing was not completed. And so as part of DOT's regulations, when that happens — But it's a difference in not completed versus refusal to take tests. Your Honor, I think that's — It seems like that's a negative implication. Not complete, it could be we just couldn't get our time straights about our appointment times or something like that. Well, Your Honor, the regulations kind of define what refusal means. And failure to show up for a drug test is a refusal, a failure to complete. And when you haven't completed your random drug test, DOT sensibly says, before we put you back doing safety-sensitive functions, we want you to complete that drug test. And the way that we ask you to do that — Your Honor, in fairness to you, in your supplemental briefing, it says, upon receiving a report of a refusal, the FAA investigates — Exactly. — decides what enforcement action it may need. So what do you deem as your investigation? Because it doesn't seem to include Mr. Paul's side of the story. Your Honor, FAA completed an investigation. It took four months into the circumstances surrounding his refusal. It received the report of the refusal. Did that include conducting any interview with him? Your Honor, I don't know. I don't think Petitioner has raised that as an objection. He was allowed to submit any information that he wanted to to the FAA as part of its enforcement investigation. And then at the end of that, the FAA said, you know, I've looked at all this information, and you're free to go and use your Airman Certificate. Now, one of the conditions of Airman Certificates is submission to random drug testing. And in this case, where it's not been completed, the FAA sensibly — I mean, the DOT sensibly imposes the requirement that where there's been a reported refusal, an incomplete drug test, that you complete the drug test after you meet with a substance abuse professional. So why you're framing this as though this letter just says, congratulations, we're taking no action against you. But his response is that you should read this letter as saying, you've asked us to review your employer's determination that you refused a drug test. We are not doing so. Also, we are not taking further enforcement against you. That is how you describe the letter. The FAA does not review the employer's determination there was a test refusal. And he sought our review to say that aspect of the order violates the law. So why is that not the way to think about what's going on here? Because the operative agency action is about whether he's allowed — whether he's safe and can continue flying planes. And the relevant considerations are the report of the refusal, investigation into the circumstances around the refusal. And FAA's ultimate determination is not about a refusal, but whether he can continue flying planes using his airman certificate. And they determined — And his argument is that that is the legal problem in the case, that you don't go and check in any way whether the employer correctly determined that he refused a drug test. And so there's a — he says there's a private non-delegation and a due process problem if you don't do that. Your Honor, the FAA did, in fact, investigate the circumstances surrounding the refusal. That was the point of the investigation. There was a report — I said that you didn't know if they interviewed him. Like, what is the investigation? The drug abatement division of the FAA under the supervision of the federal air surgeon conducts an investigation into — you know, receives information from the employer about the report, receives information from Mr. Paul. I think he made at least two different submissions of information around the determination and the circumstances. And the result of the investigation was FAA's decision that he could continue to use his airman certificate. And then separately, DOT regulations say you need to take a drug test. And where you — Well, that's not — Where you haven't taken one — 40.285 says, as you're reading it, says when your employer decides that you refused a drug test, you can't fly planes. You could before. But when the employer makes that determination, automatically you can't fly planes anymore until you complete this process. Right. And the FAA never reviews that determination. Well — Right? Your Honor, I think we've explained before. The FAA does review that determination to determine whether you can use your airman certificate. But what it says is — It does not — it does never — the whole problem, if there is a problem in this case, is that he's in a black hole. He's saying, I would have gotten review if you took a harsher action against me, but you didn't take action against my certificate. And the result is no one ever double-checks whether the employer had any basis to find I refused a drug test. Your Honor, the question is whether he is safe to fly planes and can resume safety-sensitive functions. The way DOT has determined that the appropriate way to do that is to ask him to take another drug test under the supervision of a substance abuse professional. Haven't taken a drug test, haven't complied with the random drug testing requirements. So we say, please take another drug test under the supervision of a substance abuse professional. Then, if you've satisfied those requirements, you tell the substance abuse professional exactly the circumstances around the refusal, and that person determines that the appropriate course is to take another drug test or perhaps have some counseling, you could be back up in the skies before FAA has completed its investigation into your — Even if the FAA reviewed the record and found that he didn't refuse, he'd still have to take a drug test because he was due to take one. Right. He hadn't taken a drug test in response to the random drug testing, and so the FAA or the DOT's return-to-duty regulations provides a process for him to do so and prove that he's safe to fly. Could I ask you to respond to — so one of the arguments, assume there's nothing in the statute or the regulations that says the FAA is going to review this kind of thing. They argue in their brief that this order, the guidance, does promise that. The handle. And Order 91.E, whatever it is. Yes. And I don't think you all addressed that in your brief, so I was hoping to hear a response. Thank you, Your Honor. That's the Drug and Alcohol Compliance and Enforcement Surveillance Handbook, so the internal guidance to the Drug Abatement Division and others who are conducting investigations into refusals. And it's fully consistent with exactly what we're saying here, that FAA's Drug Abatement Division, when it investigates whether to take action against an airman certificate, looks into the circumstances of the reported refusal. Right. And one of the things it says is the purpose of these investigations is to determine whether a finding of noncompliance exists. And what Mr. Paul says is that is saying you are supposed to find out if he didn't comply with the regulations, in other words, whether he refused a drug test. I think those may be different things. The employer reports factual information about a report of a refusal. The agency's determination is whether that fact, along with other facts surrounding the reported refusal, warrant legal enforcement action. I completely understand that that's the FAA's position. Their position is that this says we will review to determine whether a finding of noncompliance exists, and that we should read that to mean, no, actually, the handbook says we're also going to look at whether your employer was right and not treat its allegation as binding on us. I think we may be speaking past each other, but I think I'm saying the same thing, that the finding of noncompliance, the determination, is exactly what FAA did here. It investigated the circumstances around the reported refusal and determined whether those justified a finding that he could not use his airman certificate. Right. And just to clarify, but your position is nothing in here or anything else says that the FAA will revisit the employer's determination that there was a refusal to test? No, that that is one. The reported refusal is one factual input into the overall determination about whether to take legal enforcement action. And the court can posit any number of third-party factual information or report that the FAA or other government agencies use to trigger different requirements, and nothing about that presents a non-delegation problem. But under 49 U.S.C. 44702D, FAA on its own determination can reconsider any action by the private entity, right? I'm so sorry, I couldn't hear you. Reconsider any action by the private entity under the 49 U.S.C. 44702D? I'm sorry, I'm not sure which regulation Your Honor is referring to. So it's the statute, and it's very curious that no one has cited this. But 44702D, if I'm sorry, Judge Child, but it says, subject to supervision and review, the administrator may delegate to a qualified private person the examination, testing, and inspection necessary to issue a certificate under this chapter. And then subparagraph 3 says, a person affected by an action of a private person may apply for reconsideration of the action by the administrator. That sure sounds like, yes, you can delegate something like this to a private employer, but if a person affected asks you to reconsider, the administrator has to do so. Why doesn't that describe this case? I know maybe you are not familiar at this point. Yeah, I'm not sure that we've looked at that statute or briefed it, but I'd be happy to provide supplemental briefing on the application of that subsection to this case. As Your Honor is familiar, there are private parties involved in many aspects of the drug testing and enforcement scheme. So none of those involve a private non-delegation problem. The employer can impose drug testing requirements, can report those results to FAA, and that doesn't delegate. Mr. Paul is very concerned also, I'm sorry, about the database. Yes, Your Honor. So we've talked about the return to duty requirement. This private employer determination also gets his name in this database. That's right. Why isn't that essentially, that is a government-run database that people have to check. Why isn't that the type of governmental authority the private non-delegation doctrine is concerned with? Reporting to a database. Reporting to the database that then every future employer is required to access. Well, Your Honor, because there's any number of information provided by third parties housed in databases, and there's no private non-delegation problem when that information is housed in a database that can be consulted later. If an individual complains that the test that he took was improperly conducted, does the FAA hear such complaints? I think the way that that, for instance, a positive drug test would be reported in much the same way to the drug abatement division, and they would evaluate the circumstances around the positive drug test as it did here. You can challenge the results of a test conducted by the employer. Your Honor, the… Are there cases on that? Your Honor, the point of the drug testing is not to determine whether… It's not for some sort of governmental determination about the results of a drug test. It is in furtherance of FAA's maintenance of standards for those who hold airman certificates. Do you understand my question? My question is whether if an employer conducts a drug test…  …and it comes out positive… Yes. …and the airman or the pilot says the drug test was improperly conducted… Yes. …does the FAA review that? In much the same way it does here, and then it would get a… Well, the way it did here, it didn't review whether there was a refusal or not. Yes, Your Honor, it reviewed the circumstances surrounding the refusal to determine whether to take action against its certificate. FAA is not in the business of conducting drug tests or… I mean, that is not the governmental action at issue. FAA determines whether airmen can continue to hold air certificates. So in that instance, FAA would make a determination about whether the circumstances surrounding the positive drug test warranted legal action against the certificates. If it decided to revoke the certificate because of the positive drug test and the airman did not satisfy the FAA that, you know, the drug test, the positive drug test did not indicate that he was unsafe or unqualified to hold an airman certificate, the airman certificate could be revoked or suspended. And as you noted earlier, that action is reviewable by the NTSB. And what do you consider the no enforcement action to be beneficial to him, as you all have indicated? Because he still holds his airman certificate. And as soon as he completes the return to duty requirements, he can continue to fly. And then do you see a distinction between incomplete drug testing process versus refusal to take test? I'm sorry, Your Honor. Do you see a distinction between an incomplete drug testing process versus refusal to take? Because it just sounds like there's some intentionality in refusal versus incomplete process. I think the regulations would describe all of those as a refusal to test. And then that triggers the need to test under the supervision of a substance abuse professional and complete any required counseling. But the regulations define what is a refusal to test in those circumstances. And there are lots of different facts that can trigger a refusal to test that then requires follow-up. And based on your arguments, you make it sound like while we're here, all he needs to do is go take the test and all this is over? That's right, Your Honor. If he completes the return to duty requirements, I think Judge Garcia asked earlier, and while it's not in the record, my understanding is return to duty can be completed in an afternoon or a day. It could be longer if the substance abuse professional determines that there is a problem that needs additional counseling or follow-up. So I don't know if that could happen, but when I read the regulations, they're quite detailed. You go meet with somebody. They come up with a treatment plan. You meet again and again and again, and then you have to get their sign-off. So from one perspective, that's kind of compounding the non-delegation problem. You already had one private entity, and now you're subject to the unreviewable discretion of another private person about when you get to fly a plane again. If it always took a, you know, maybe there's a de minimis exception to private non-delegation if it just takes an afternoon, but we don't really have a record about that, do we, about how long this return to duty process is? No, Your Honor, and there is nothing in the record about return to duty process because Mr. Pohl hasn't completed it. How would he do that? So normally the employer finds the SAP, but this employer used this as an excuse to fire him right away. And gave him information. You go to an independent SAP. I believe in this instance he was given information about a substance abuse professional, so he has that information available. But yes, Your Honor, from our perspective, the only enforcement action possible against him was rendered in his favor, and all he needs to do is complete the return to duty requirements, which are just of a piece with the random drug testing requirements and other requirements to perform safety-sensitive functions. And those make sense. It's not just taking the test. It's all this other stuff. Well, the return to duty requirements may be as simple as meeting with a substance abuse professional and explaining the circumstances and proving that you're safe to fly. They could be longer if the substance abuse professional determines that they need to do additional steps before resuming safety-sensitive functions. But in the same way that FAA sensibly requires random drug testing, it requires this follow-up step. All right. Thank you. If there are no further questions, we ask that the pick-up review be denied. We've allotted you two minutes for rebuttal. Thank you, Your Honors. I will keep this very brief. First, just to confirm, Mr. Paul was not interviewed as part of the FAA's investigation of the report. Secondly, I do want to clarify that even when a pilot does complete the report … Did he file a brief or a memorandum or anything? Did he file, pardon me? Did he file anything? Mr. Paul, both through his own counsel early in the process, after he received a letter of investigation, did submit a letter to the FAA, and then subsequently in June of last year submitted a separate letter under his own signature. Okay. And I also additionally just wanted to clarify that even when a pilot does complete the return-to-duty process, and it's our understanding that Mr. Paul had completed that sometime during last year, and we are happy to provide supplemental information to the court if you're interested to verify that. But even with that, he still cannot hold a first-class medical certificate because a drug test revisal is regarded as a substance abuse problem. And so under 14 CFR 67107B2, he can't hold this for two years. So it's not simply a matter of, oh, complete the return-to-duty process and you're back to work. It's far from it. He's got a two-year time horizon between the — There's no citation for this, but on page 30 of the FAA's brief, they say if you just go ahead and apply for a new medical certificate, in that context he can contest the employer's report of a refusal. Do you understand that to be correct? I understand that if he was seeking a special issuance, that he might be able to raise issues regarding the test report. I think that that doesn't necessarily — of course, the timeline for a special issuance is very indeterminate. It could be short. It could be probably much more likely a fairly lengthy period, and that still does not resolve the issue of the permanent black mark on his record in the pilot records database. And I think that that is — I think that concludes my rebuttal, unless the Court has any further questions for me. Thank you.
judges: Childs; Garcia; Randolph